Vacated by Supreme Court, January 24, 2005

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4629**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAGUESTE PLASIMOND, a/k/a Tyrone,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (CR-98-109)

Submitted:  May 26, 2004          Decided:  June 16, 2004

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Robert J. Conrad, Jr., United
States Attorney, D. Scott Broyles, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Magueste Plasimond pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000), possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and aiding and abetting, in violation of 18 U.S.C. § 2 (2000). The district court sentenced Plasimond to a total imprisonment term of 168 months, to be followed by a five-year term of supervised release. Plasimond contends that the district court erred in failing to apply a two-level sentence reduction under the safety valve provision of U.S. Sentencing Guidelines Manual, §§ 2D1.1(b)(6), 5C1.2 (1998). Finding no reversible error, we affirm.

To qualify for sentencing under the safety valve provision, a defendant must meet all five criteria set out in USSG § 5C1.2(a)(1)-(5). A defendant who meets these criteria may be sentenced within the guideline range without regard to any statutory minimum sentence. He may also receive a two-level reduction if the offense level is level 26 or greater. Plasimond's presentence investigation report ("PSR") did not recommend a two-level sentence reduction, and Plasimond failed to object in the district court to the PSR's calculation of his offense level. Therefore, his claim is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Because the record

shows that Plasimond failed to truthfully provide all information to the Government concerning his drug offenses prior to sentencing, we conclude that the district court did not plainly err in failing to apply a two-level sentence reduction under the safety valve provision.  See United States v. Withers, 100 F.3d 1142, 1146 (4th Cir. 1996).

Accordingly, we affirm Plasimond's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED